

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEVEN GRASTY, <br> TDCJ-CID No. 01938145, | § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| v. | § <br> § | 2:18-CV-185-Z-BR |
| WARDEN NFN MILBURN *et al.*, | § <br> § <br> § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants (ECF No. 3) ("Complaint"), filed October 1, 2018. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

### FACTUAL BACKGROUND

On an unknown date in March 2018, Defendant Zapata allegedly used racially provocative language when addressing the Plaintiff. ECF No. 3 at 4. Plaintiff claims that — as a result of this provocation — he received a disciplinary case resulting in the revocation or denial of his parole/release from custody. *Id.* Plaintiff requests only that his parole be restored and his negative character reference, presumably contained in his parole hearing packet, be removed. *Id.*

LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.§ 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

ANALYSIS

A claim of verbal abuse and harassment is not cognizable in a federal civil rights action. *See Jane Doe 5 v. City of Haltom City*, 106 F. App'x. 906, 908 (5th Cir. 2004) ("Verbal sexual harassment does not violate a detainee or inmate's constitutional rights."); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under § 1983."); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983."); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

§ 1983"). A claim of injury solely to reputation is insufficient to establish liability under § 1983. *See, e.g.*, *Paul v. David*, 424 U.S. 693, 711–12 (1976) (concluding that damage to reputation alone does not implicate a "liberty" or "property" interest sufficient to invoke due process protections under § 1983); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (same); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (finding that injury to reputation as a result of libel or slander in a false prison report does not give rise to § 1983 liability); *West v. Scott*, No. 2:15-CV-0224, 2015 WL 6460046, *5 (N.D. Tex. Oct. 23, 2015) (same).

Allegations of verbal threats or other derogatory remarks — even racial slurs — are not actionable constitutional violations. *Robertson v. Plano City*, 70 F.3d 21, 24 (5th Cir. 1995). Accordingly, Plaintiff's claim that Defendant Zapata used racial slurs to taunt him into some behavior that resulted in a revocation of his parole is frivolous. Plaintiff's requested relief regarding injury caused to Plaintiff's reputation is also without arguable basis in law. Thus, the Court **DISMISSES** the claim as frivolous.

The Court also **DISMISSES** Plaintiff's claims against Defendant Milburn. In § 1983 suits, liability of government officials for the unconstitutional conduct of their subordinates may not rest solely upon a theory of *respondeat superior* or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."). Thus, supervisory officials are not subject to vicarious liability under § 1983 for the acts or omissions of their subordinates. *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992). Absent direct personal participation in the alleged constitutional violation, a plaintiff must prove that each individual defendant either implemented an unconstitutional policy that directly resulted in injury to the plaintiff or failed to properly train a subordinate employee. *See*

3

*Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). Here, Plaintiff fails to allege *any* involvement by Defendant Milbern in the alleged racial provocation or revocation of his parole.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as frivolous.

**SO ORDERED**.

February **16**, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE